Bert Martinez
1164 S. Boulder Street
Unit A
Gilbert, AZ 85296

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

| | |
|---|---|
| BERT MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BEATRICE LYNN DUARTE,<br>HUSBAND AND WIFE, KAISER<br>FOUNDATION HEALTH PLAN, INC.,<br>ET AL,<br><br>　　　　　Defendants | Case No.: CV-25-00130-PHX-DJH<br><br>**SECOND AMENDED<br>COMPLAINT**<br><br>**(JUDGE DIANE J. HUMETEWA)** |

COMES NOW Plaintiff, Bert Martinez, as assignee of Air Ambulance 911, LLC ("Air"), and files this Second Amended Complaint for Breach of Contract, Breach of Fiduciary Duty, Damages, and a Request for Judicial Appointment of Arbitrator against Defendants Beatrice Lynn Duarte, Dorith Duarte (husband), and Kaiser Foundation Health Plan, Inc. ("Kaiser"), and alleges as follows:

## INTRODUCTION

1. This action arises from a payment dispute between an out-of-network emergency medical provider, Air and Kaiser concerning emergency medical services rendered to Beatrice Lynn Duarte while she was outside the United States. Air and Beatrice Duarte (hereafter "Beatrice'), who at the time was insured by Kaiser. See Exhibit 1.

PAGE - 1

2. Beatrice and or Kaiser contracted with Air, to transport Beatrice to a Hospital in the United States.

3. Although Duarte and or Kaiser authorized the transport and paid a portion of the invoice, it failed to remit the full amount due and failed to engage in the federally mandated Independent Dispute Resolution (IDR) process under the No Surprises Act (NSA).

4. Air billed Kaiser $729,030, Kaiser only paid $94,852.69.

5. Air contacted Kaiser multiple times to resolve the payment issue. Kaiser failed to respond.

6. Under Arizona law Kaiser had a duty to administer, process, and pay Beatrice's insurance claims on a timely basis.

7. Under Arizona law Kaiser failed to carry out its duty to administer, process, and pay Beatrice's insurance claim on a timely basis.

8. Air assigned its contractual and statutory rights to Plaintiff Bert Martinez.

## JURISDICTION

9. This Court has jurisdiction.

## THE PARTIES

1. Air an Arizona company, that provided medically necessary emergency transportation services to Beatrice who, at the time was insured by Kaiser. See Exhibit 1.

PAGE - 2

2.  Kaiser is a health insurance provider doing business in Arizona. Kaiser and Duartes authorized Air to fly Duarte to a US hospital medically necessary treatment.

3.  Air assigned their contract rights to Bert Martinez.

## **FACTUAL BACKGROUND**

4.  The Duartes were traveling outside the United States when Beatrice suffered a medical emergency and was required to be flown from El Salvador to a US Hospital for life saving treatment.

5.  At the time of the emergency the Duartes were insured by Kaiser.

6.  Air provided medically necessary emergency transportation to Beatrice, as authorized by Kaiser and/or the Duartes.

7.  Air billed Kaiser $ 729,030 for the services rendered. Kaiser paid only $94,852.69.

8.   Air made repeated attempts to resolve the outstanding balance. Kaiser failed to respond and would not participate in the NSA's IDR process.

9.   Air retained Liberty Property Damage, LLC ("LPD") to assist with collection, incurring $1,000 in fees.

PAGE - 3

10.  Kaiser and/or the Duartes have failed to pay the balance, which remains due along with accrued interest of approximately $72,000 pursuant to A.R.S. § 44-1201(B).

11. Plaintiff, as assignee, now brings this action to recover damages.

## COUNT ONE – BREACH OF CONTRACT

12. Plaintiff repeats and re-alleges Paragraphs listed above as if set forth fully herein.

13. A valid contract existed between Air and Defendants for the provision of air medical services.

14. Air performed all contractual obligations.

15. Under the Air contract, Kaiser paid a partial payment in the amount of $94,852.69. See Exhibit 2.

16. Defendants breached the contract by failing to pay the full amount due.

17. Under the Air contract Kaiser and or Beatrice owes approximately $634,148 for services rendered plus $72,000 in unpaid interest. See Exhibit 3.

18. The Duartes and or Kaiser should have paid Air within 30-60 days.

PAGE - 4

19. Air paid $1,000 to Liberty Property Damage, a public adjuster, for their efforts to collect the outstanding balance.

20. Plaintiff is entitled to damages in the amount of $634,148, plus $72,000 in interest and $1,000 in collection costs.

21. Plaintiff is also entitled to attorneys' fees and costs pursuant to A.R.S. § 12-341.01.

## COUNT TWO: VIOLATION OF DUTY

22. Plaintiff incorporates by reference all allegations set forth above.

23. Kaiser owed a duty to act in good faith and deal fairly in processing claims.

24. Kaiser failed to timely respond to billing and failed to initiate or participate in the federally required IDR process.

25. Kaiser's failure violates both Arizona fiduciary principles and the No Surprises Act, 42 U.S.C. § 300gg-111(c).

26. Plaintiff has suffered damages as a result.

## <u>REQUEST FOR APPOINTMENT OF ARBITRATOR</u>

27. The NSA establishes a mandatory Independent Dispute Resolution process for payment disputes between out-of-network providers and insurers.

28. The QPA (Qualifying Payment Amount) mechanism is central to determining fair payment for ALL parties. See Texas Med. Ass'n v. U.S. Dep't of Health & Hum. Servs., 587 F. Supp. 3d 528 (E.D. Tex. 2022).

29. Plaintiff requests that the Court acknowledge the applicability of the NSA and compel the parties to participate in the IDR process.

**WHEREFORE**, Plaintiff, Bert Martinez, respectfully prays for judgment against Defendants as follows:

      A. Damages in the amount of $1,000 for the cost of the public adjuster;

      B. Damages in the amount of $634,148 for the cost of Air's Services;

      C. Damages in the amount of $72,000 for the unpaid interest.

      D. Awarding Martinez all expenses and costs, including attorney's fees;

      E. Both pre-judgment and post-judgment interest on an amount to be decided at trial;

F.  For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues so triable.

Respectfully submitted this
20th Day of May 2025 by;

/s/Bert Martinez
1164 S. Boulder Street
Unit A
Gilbert, AZ 85296

PAGE - 7

1

2

3    EXHIBIT 1

4

5

6

7

8    

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2





PAGE - 9

EXHIBIT 3

# Air Ambulance 911

2440 W Mission Ln Suite 5 Phoenix,
AZ 85021 855-924-7911
855-924-7911

**DATE** April 26, 2023

**BILL TO**

**TAX ID** 81-2896566

Kaiser Fundation Health Plan Southern
California Region
PO Box 7004 Downey, CA 90242-7004
1800-225-8883

| Patient | Member Id | Service Date | Terms |
|---|---|---|---|
| Beatrice Lynn Duarte | 19000639 | 4/26/23 | Due on receipt |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 1 | Air Ambulance Transport Base Rate | $24,000 | $24,000 |
| 2389 | Rate per mile | $270 | $645,030 |
| 1 | Flight Doctor | $40,000 | $40,000 |
| 1 | Flight Nurse | $20,000 | $20,000 |

|  | SUBTOTAL | $729,030.00 |
|---|---|---|
|  | TAX RATE | 0.00% |
|  | OTHER | $0.00 |
|  | TOTAL | $729,030.00 |

Make all checks payable to Air Ambulance 911

If you have any questions concerning this invoice, Nobility 877-386-9728

THANK YOU FOR YOUR BUSINESS!

PAGE - 10

PATIENT NAME ___BEATRICE LYNN DUARTE___  TRANSPORT #_____

DATE OF SERVICE ___04/25/2023___  PATIENT ORIGIN ___EL SALVADOR___

BASE/UNIT_____  PATIENTDESTINATION ___UNITED STATES, LOS ANGELES, CA___

As a condition of receiving emergency transport & treatment by AIR AMBULANCE 911, I hereby agree to the following:

1. **Consent to Treatment:** The Undersigned consents to transport & treatment by AIR AMBULANCE 911, deemed necessary in the judgment of the AIR AMBULANCE 911's medical crew. I am aware that the practice of medicine is not an exact science. No representations or guarantees have been made regarding the result of the Services.

2. **Insurance Certification & Authorization:** I accept responsibility for ensuring that all certifications or authorizations required by Medicare, Medicaid or any other private or public insurance carrier(s) or third party insurance carrier (collectively, "Insurance Carriers") have been obtained. I recognize that my Insurance Carrier may reduce benefits if these are not obtained and that I am responsible for any balance not paid by it. I recognize that some or all of the Services may be deemed not medically necessary by my Insurance Carrier, & that in such event, I may be responsible for the unpaid balance of AIR AMBULANCE 911's charges. I agree to sign any documents necessary to authorize AIR AMBULANCE 911 to contest any insurance denial.

3. **Guarantee of Payment & Assignment of Benefits:** I agree to pay AIR AMBULANCE 911's charges for the Services, including but not limited to any co-payments, deductibles or other expenses not covered by insurance. Unless otherwise specifically agreed in writing or provided by law, all charges shall be due & payable on receipt of invoice. Unpaid accounts MAY bear interest at the rate of 12% per annum, not to exceed the maximum amount permitted by law. Without limiting the foregoing, to the full extent necessary to pay AIR AMBULANCE 911's charges in full, & subject to any limitations imposed by applicable law, I assign & transfer to AIR AMBULANCE 911 all my rights in & to: **(a)** all insurance benefits (whether such insurance is owned by me or not) payable as a result of the injury or medical condition that necessitated the Services; **(b)** any & all proceeds paid or payable to me or on my behalf from any settlement, judgment or other award which is obtained as a result of the injury or medical condition necessitating the Services; **(c)** any causes of action that may be assigned according to applicable State law, which I now have or may have in the future against any person or entity arising directly or indirectly from the injury or medical condition which necessitated the Services. To the full extent permitted by law, I specifically instruct any attorney, insurance agent, or other party who represents me to abide by this assignment & to disburse from the attorney's trust account or other depository to AIR AMBULANCE 911 any insurance proceeds necessary to pay AIR AMBULANCE 911's charges in full. I also assign & request payment of authorized Medicare, Medicaid or other government & private health benefits be made directly to AIR AMBULANCE 911. Acceptance of this assignment by AIR AMBULANCE 911 shall not constitute an undertaking by AIR AMBULANCE 911 or any duty to secure payment of any of the benefits hereby assigned. This assignment shall not be deemed to be in substitution for any right or remedy which AIR AMBULANCE 911 may have to secure & obtain full payment of its charges directly from the undersigned. All rights & remedies of AIR AMBULANCE 911 pursuant to this agreement & by law are cumulative & the exercise of any right or remedy shall not be to the exclusion of the exercise of any other right or remedy.

4. **Release of Liability for Personal Valuables:** I understand & agree that AIR AMBULANCE 911 is not responsible for personal valuables or belongings brought into the ambulance by me or my representative, including, but not limited to, clothing, personal hygiene products, toiletries, dentures, glasses, prosthetic devices such as hearing aids, artificial limbs, medical assist devices, wallets, purses, credit cards, jewelry &money.

5. **Consent for Release & Use of Information:** I authorize any holder of medical or other information about me to release to Medicare, Medicaid or any other Insurance Carrier or their agents any information needed to determine benefits for this or a related claim, or for any other purpose permitted by law.

6. **Acknowledgement of Receipt of Notice of Privacy Practices:** I acknowledge receipt of AIR AMBULANCE 911's Notice of Privacy Practices.

7. **Release of Police Reports:** I appoint AIR AMBULANCE 911 as my representative, under applicable State law; for the purpose of obtaining police reports & other data related to the accident or incident for which Services were provided.

8. **Severability; Entire Agreement; Attorney's Fees:** In the event any provision of this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, such finding shall have no effect upon the validity or enforceability of the remaining portions hereof. The invalid or unenforceable provision shall be deemed severed & the remaining provisions hereof shall remain in full force & effect. This Agreement constitutes the entire agreement between AIR AMBULANCE 911 & the undersigned. If any action at law or in equity is brought to enforce this Agreement, AIR AMBULANCE 911 shall be entitled to recover reasonable attorney's fees, court costs, & any other costs of collection incurred. The undersigned has read this Agreement, has had an opportunity to ask any questions, has received satisfactory answers thereto & enters into it voluntarily.

1. Patient Signature or Other Mark "X" _____ Date ___04/24/2023___

If Patient signs with an "X" or other Mark, a witness must also sign: _____ Date _____
*If this section has been completed, then the signature requirement has been met; if Patient is unwilling or unable to sign proceed to next section*

*When patient is physically/mentally incapable of signing on their behalf, SIGNATURE requirement defaults to SEC. 2; an authorized representative from the patient location. If authorized representative from sec. 2 is unavailable/unwilling to sign, SIGNATURE requirement defaults to SEC. 3; signature MUST BE OBTAINED FROM: (1)a Crew Member, plus (2)Representative from the patient destination. In either Sec 2 or Sec 3 scenarios, the reason the patient was incapable of signing must be documented below:*

PATIENT UNABLE TO SIGN DUE TO _____

2. Authorized Rep Signature_____

Printed Name/Credentials ___Derith  Duarte___   Date ___04/24/2023___

MUST indicate the relationship of the authorized representative to the Patient:
- the patient's legal guardian; spouse; adult child; POA
- a relative or other person who receives governmental benefits on the patient's behalf;
- a relative or other person who arranges for the patient's treatment or exercises other responsibility for his or her affairs;
- a representative of an agency or institution which furnished other care or services to the beneficiary; such as referring facility

*If this section has been completed then the signature requirement has been met; if Auth. Rep. is unavailable/unwilling to sign, proceed to next section*

3. Crew Member Signature_____ Printed Name/Credentials_____ Date_____
PLUS
Rec Fac Rep Signature_____ Printed Name/Credentials_____ Date_____

Name & Location of Receiving Facility_____ Time Arrived @ Location_____
Authorized Representative Statement: My signature above indicates that, at the time of service, the Pt named above was physically/mentally incapable of signing. My signature is not an acceptance of financial responsibility for the services rendered to this patient

CERTIFICATE OF MEDICAL NECESSITY (CMN) FOR AIR AMBULANCE

## SECTION I    TRANSPORT INFORMATION

Transport Number: _____

Patient Name: __BEATRICE LYNN DUARTE__    Date of Service: __04/25/2023__

Transported From: __EL SALVADOR__    Transported To: __UNITED STATES, LOS ANGELES, CA__

Sending Physician: __Esther Ramirez__    Receiving Physician: _____

Sending MRN#: __21,103__    Receiving MRN# _____

## SECTION II    REASON FOR MEDICALLY NECESSARY AIR TRANSPORT

☑ Transportation by any mode other than by Air Ambulance is contraindicated due to the patient's clinical condition at time of transport:

☒ Time Sensitive Intervention Required for the following Clinical Condition:

Cardiac___X___    Neuro_____    OB/GYN_____    NICU_____    PICU_____

Trauma_____    Burns_____    Respiratory_____    Unconscious/Shock_____

Severe Hemorrhage, Uncontrolled Bleeding_____

( ) Duration of ground transport would be excessive & potentially detrimental to the patient's outcome (greater than 30 to 60 minutes)

( ) Higher Level of Care required enroute than is immediately available by ground transport; EXPLAIN_____

( ) COUNTY / REGIONAL / STATE Protocols recommend Air Transport; EXPLAIN_____

( ) Obstacles or Conditions that would prolong or cause inaccessibility to the patient:

Weather_____    Environment_____    Road /Traffic Conditions_____    Disaster Situation_____

Closer Appropriate Facility on Bypass/Divert/Saturation_____    Other_____

☐ TRANSPLANT SURGICAL Intervention required for Organ Failure or Surgery; EXPLAIN_____

☐ Service not available at originating facility:
( ) NICU / Pediatrics    ( ) Advanced Cardiopulmonary    ( ) Advanced Neuro logical Services

( ) Certified Primary Stroke Care    ( ) High-Risk OB

( ) Trauma/Burn Unit    ( ) Orthopedics    ( ) Other_____

☐ Other _____

☑ EMTALA certified inter-facility transfer to capable appropriate facility and/or higher level of care
Pursuant to Federal COBRA / EMTALA Statute SEC. 1867. (42 U.S.C. 1395dd) (a) Social Security Act – medical Screening Requirement(s) – A patient cannot be transferred unless all of the following conditions have been met:
a. The receiving facility has available space, qualified personnel, and the capacity to assume care of this patient;
b. Copies of medical records referring to this patient incident will be provided to the receiving facility, if available;
c. I hereby certify that the above listed diagnosis, condition(s), and/or physical obstacles to transfer this patient requires ambulance transport;
d. Based on information and medical expertise available at the time of request for ambulance transport, it is my determination that the medical benefits reasonably expected from the provision of appropriate medical treatment at the receiving hospital outweigh the risks (if any) to the patient's condition.

This Document may be Reviewed & Completed by: (Attending Physician, Physicians Asst, Nurse Practitioner, Clinical Nurse Specialist, Registered Nurse, or another authorized requestor)

**REFERRING PROVIDER SIGNATURE**_____    **DATE** 04/24/2023

**PRINTED NAME & CREDENTIALS**_____

Dra. Esther Abigail Ramirez Merches
DOCTORA EN MEDICINA
J.V.P.M. No. 21103