WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bert Martinez, | No. CV-25-00130-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Beatrice Lynn Duarte, et al., | |
| Defendants. | |

Defendant Beatrice Lynn Duarte ("Duarte") has brought a Motion for Attorneys' Fees and Costs (Doc. 57). *Pro se* Plaintiff Bert Martinez ("Martinez") filed his Opposition to the Motion (Doc. 58) and Duarte filed a Reply (Doc. 59). For the reasons set forth below, the Court will grant the Motion for Attorneys' Fees and Costs.

## I.    Background

While abroad in El Salvador, Duarte suffered a medical emergency that required her to return to the United States for life saving treatment. (Doc. 38 at ¶ 3). Emergency medical provider Air Ambulance 911 LLC ("Air") flew Duarte from El Salvador to the United States. (*Id.* at ¶ 6). Air billed Kaiser, Duarte's insurer, $729,030 for their transportation services; however, Kaiser only paid $94,852.69. (*Id.* at ¶ 7). Neither Kaiser nor the Duartes have paid the balance and interest of $72,000, spurring the current litigation on the matter. (*Id.* at ¶¶ 8, 10).

Air assigned its contractual rights to Martinez, who brought an action against the defendants in state court to recover damages for a breach of contract and violation of duty,

including an action to compel Duarte to participate in the No Surprises Act's ("NSA") Independent Dispute Resolution ("IDR").  (*Id.* at ¶¶ 3, 11, 29).  Duarte then removed the action from the Maricopa County Superior Court of the State of Arizona to the United States District Court under 28 U.S.C. §§ 1332, 1441(a), and 1446.  (Doc. 1 at 2).  In this court, Duarte filed a Motion to Dismiss for failure to state a claim and asked to bring a motion for attorneys' fees if the Motion was granted.  (Doc. 39).  The Court held that Plaintiff's claim was not legally cognizable, and the case was dismissed because the NSA precluded enforcement of Martinez's contract.  (Doc. 55 at 3).  The NSA caps the insured's share of liability to out-of-network providers at an amount comparable to what the insured would have owed: a practice called the qualified payment amount.  (*Id.* at 4).  Congress enacted the NSA to protect against surprise balance billing.  (*Id.*)  The contract clause stating, "expenses not covered by insurance," is the type of conduct the NSA prohibits.  (*Id.* at 5).  The Court granted Duarte's Motion to Dismiss on all counts.  (*Id.*)  Now Duarte brings a Motion for Attorneys' Fees in the amount of **$43,725.00** and costs in the amount of **$559.25**.  (Doc. 57 at 1).

## II.    Legal Standards

### A.  Eligibility and Entitlement Under A.R.S. § 12-341.01

In a civil action, "the successful party…shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law."  Ariz. Rev. Stat. § 12-341.  If the action arises out of a contract, either express or implied, the court may award the successful party reasonable attorneys' fees meant to mitigate the burden of expensive litigation to establish a just claim or defense.  *Id*. at 12-341(A)-(B).  To determine who is the "prevailing party," the courts consider the totality of the litigation.  *West v. G. Ware Travelstead*, 2006 WL 449285 at *1 (D. Ariz. Feb. 23, 2006) (citing *All Am. Distrib. Co., Inc. v. Miller Brewing Co.*, 736 F.2d 530, 532 (9th Cir. 1984).  Six factors that are considered with respect to entitlement of attorney fees include the merits of the claim or defense of the unsuccessful party, whether the litigation could have been avoided or settled making efforts superfluous, whether assessing fees would cause extreme hardship, whether

the successful party prevailed with respect to all relief sought, whether the legal question is novel, and whether the award would discourage others with tenable claims from litigating or defending legitimate issues. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181 (Ariz. 1985) (hereafter the "*Warner* factors"). To determine if an action arises out of a contract, a court considers the "essence of an action" meaning if a contract was a factor in causing a dispute, the action arises out of a contract. *West*, 2006 WL 449285 at *2.

### B. Reasonableness of Fees Using the Lodestar Method

Once a court has determined eligibility and entitlement to attorneys' fees, it must determine whether the amount requested is reasonable. *Rindlisbacher v. Steinway & Sons Inc.*, 2021 WL 2434207 at *2 (D. Ariz. May 26, 2021). Federal courts use the Lodestar multiplication method to determine appropriate attorney fees. *Kelly v Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). The court calculates this number by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. *Id.* Then, courts determine whether to modify the lodestar figure based on factors not subsumed in the lodestar figure. *Id.* A reasonable fee is one that is sufficient for a capable attorney to undertake the representation of a meritorious civil rights case. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

### III.   Discussion

The Court finds that Duarte should receive attorney fees because she is eligible and entitled to them, and the fees are reasonable. Having successfully defended herself by dismissing a case brought because of a breach of contract, Duarte is eligible as the prevailing party, and upon consideration of the *Warner* Factors, Duarte is entitled to attorneys' fees. Additionally, the fees are reasonable upon consideration of various *Kerr* factors.

### A. Eligibility and Entitlement to Attorney Fees

#### 1. The action arose out of a contract

The Court finds that Duarte is the prevailing party of an action arising out of a contract. (Doc. 55 at 10). Arizona's rule on recovery of attorney fees stipulates that the

court may award reasonable attorneys' fees to the successful party of an **action arising out of a contract**.  § 12-341.01 (*emphasis added*).  Analyzing the "essence of the action," courts find that an action arises out of a contract if a contract was an element in creating the dispute.  *West*, 2006 WL 449285 at *2.

Martinez does not argue that Duarte failed to prevail in the case, rather he argues that the action did not arise out of a contract.  (Doc 58 at ¶ 11).  Arguing that the Court dismissed the case based on federal statutory preclusion, Martinez claims that the essence of the action is statutory compliance, not breach of contract.  (*Id.* at ¶ 8).  Martinez also claims that because the American Rule[1] remains the default principle, statutory exceptions to the rule, like A.R.S. § 12-341.01, must be applied cautiously where legislative intent is clear.  (Doc. 58 at ¶¶ 12 & 15).[2]

Martinez brought the action in dispute as a breach of contract issue.  (Doc. 38 at ¶ 16).  While the Court decided the Motion to Dismiss based on statutory interpretation of federal law, the reason for the Motion was due to a complaint rooted in breach of contract.  The prayer for relief rested on damages from the unpaid balance of a contract between Plaintiff and the Defendants.  Without the contract dispute, there would have been no Motion to Dismiss based on Rule 12(b)(6) or jurisdictional issues.  Since the contract was a factor in the creation of the dispute, this action arose out of a contract.

### 2.  Duarte was the prevailing party

Courts analyze the totality of the litigation rather than a single motion to determine entitlement to attorney fees.  *West*, 2006 WL 449285 at *2.  The party that successfully dismisses an action is considered the prevailing party.  In *West*, two defendants filed motions to dismiss at the same time. One motion was granted and the court determined that, since they sought the same relief, the decision made the other defendant's motion

---

[1] The American Rule provides a basis for awarding attorneys' fees.  It states that each litigant pays his own attorneys' fees unless a statute or contract provides otherwise. *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 121 (2015).
[2] Plaintiff cites to *Grand Real Estate* when discussing strictly construing fee-shifting statutes. *Grand Real Estate, Inc. v. Sirignano*, 676 P.2d 642 (Ariz. Ct. App. 1983). However, this case is inapposite as it does not discuss the American Rule or its interpretation. This case discusses an abuse of discretion by the trial court in not giving an adequate explanation for denying attorney fees.

- 4 -

moot, and they became a successful party. *Id.* Here, the Court considered and ruled on Duarte's Motion in favor of Duarte. Therefore, Duarte is the prevailing party under A.R.S. § 12-341.

### 3. Entitlement to Fees Under the *Warner* Factors

Arizona courts have identified six factors courts may consider when determining if a successful party is entitled to attorneys' fees. A.R.S. 12-341.01 is permissive in nature and allows courts to use their discretion to award attorneys' fees, so courts use these factors to finalize their decisions.

#### a. Merits of the claim

The first factor is the merits of the claim. *Warner*, 694 P.2d 1181 at 1184. Here, Martinez's claims could not have succeeded since the NSA voided the contract. The breach of contract and violation of duty claims were meritless, and the IDR compulsion was superfluous as Duarte is neither an out-of-network provider nor an insurer. Under these circumstances, the NSA does not require the Duartes to participate in the IDR process since it excludes the insured. (Doc. 55 at 6). This factor weighs in favor of awarding attorneys' fees.

#### b. Litigation could have been avoided, and Duarte's efforts were not superfluous

The next factor is whether the litigation could have been avoided or settled, rendering Duarte's efforts superfluous. *Warner*, 694 P.2d 1181 at 1184. Martinez claims that Air contacted Kaiser multiple times to obtain the payment but does not allege that they did the same with Duarte, who did not have an obligation to pay under the NSA. (Doc. 38 at ¶ 2). It is possible that litigation could have been avoided if either Kaiser paid the whole service fee or Martinez knew that the NSA rendered his contract moot. Moreover, the actions taken by Duarte were not superfluous. The Motion to Dismiss was necessary to defend against Martinez's claim. This action does not weigh against awarding attorneys' fees. *Kaufman v. Warner Bros. Ent. Inc.*, 2019 WL 2084460 at *8 (D. Ariz. May 13, 2019).

#### c. Hardship

The third factor is whether there would be extreme hardship for the unsuccessful

party. *Warner*, 694 P.2d at 1184. While Martinez argues that the hardship factor weighs strongly against awarding fees (Doc. 58 at ¶ 21), it is one factor that needs to be balanced with the rest.[3] *See, e.g.*, *Deschler v Pinon Unified Sch. Dist.*, 2006 WL 8440329 at *5 (D. Ariz. July 19, 2006). Additionally, Martinez claims that he is on a fixed income and attorneys' fees would impose severe financial hardship on him. (Doc. 58 at ¶ 19). However, Martinez has not produced sufficient evidence to show that the hardship is extreme. Unsupported assertions of hardship do not constitute evidence of extreme financial hardship. *Carl Karcher Enterprises, Inc. v. Stine Enterprises, Inc.*, 2012 WL 4758017 at *3 (Ariz. Ct. App. Oct. 4, 2012). This factor, therefore, does not weigh against awarding attorneys' fees.

### d.  Whether Duarte prevailed

The fourth factor is whether the successful party prevailed with respect to all relief sought. *Warner*, 694 P.2d 1181 at 1184. As discussed above, Duarte successfully dismissed all counts, meaning she prevailed with respect to all the relief sought against her. This factor is in favor of awarding attorneys' fees.

### e.  Novelty of the claim

The fifth factor is the novelty of the question presented. *Warner*, 694 P.2d 1181 at 1184. The claim asked the court to determine whether a breach of contract occurred. This is not a novel claim and has been considered before. However, this Court had not deliberated on the application of the NSA, making the subject novel. A non-novel claim weighs against awarding attorneys' fees. *Owners Ins. Co. v. Monte Vista Hotel*, 2010 WL 2643554 at *3 (D. Ariz. June 30, 2010). Since the breach of contract is not novel, but the subject is, this factor is neutral.

### f.  Chilling effect on others

The last factor is whether the decision will discourage other parties from litigating

---

[3] Martinez references *Warner* as support for his claim that the hardship factor weighs strongly against awarding fees. However, this case does not make a judgment about the strength of any factors but is simply the seminal Arizona case articulating relevant factors a court should assess in determining whether attorneys' fees should be granted under the statute.

tenable claims. *Warner*, 694 P.2d 1181 at 1184. Since Martinez's claim was meritless, awarding Duarte with attorneys' fees would not discourage others with meritorious claims from pursuing their issues. Balancing each of these factors alongside the fact that Duarte was the prevailing party in an action that arose out of a contract, Duarte is entitled to attorneys' fees.

### B. Reasonableness of the Fees

After concluding that a party is eligible and entitled to attorneys' fees, the Court must determine whether the requested award is reasonable. *Rindlisbacher*, 2021WL 2434207 at *9. Once a party establishes entitlement to fees, the burden shifts to the party opposing the award to demonstrate unreasonableness, and if they fail to make such a showing, the prevailing party is entitled to full payment. *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1285—86 (Ariz. Ct. App. 2007); *Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012).

Duarte claims that the attorneys' fees incurred are reasonable since her attorneys charged a reasonable rate consistent with rates of comparable law firms and attorneys. (Doc. 57 at 4). Additionally, Duarte argues that her counsel devoted a reasonable amount of time and labor in defending this action through essential activities. (*Id.*) These activities were necessary considering the amount in controversy and the complexity of the case. (*Id.*) Martinez argues that the fees are excessive under the lodestar method and must exclude hours that are excessive, redundant, or unnecessary. (Doc. 58 at ¶ 25). Furthermore, he argues that courts routinely reduce fees where litigation ends early, and this case was resolved entirely at the pleading stage. (*Id.* at ¶¶ 26, 28).

### 1. Reasonable hourly rate

Based on attorneys' fees awarded in recent similar Phoenix cases, the hourly rate that Duarte's attorneys charged was reasonable. The Lodestar method looks to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community is the "forum in which the District Court sits." *ThermoLife Int'l. LLC v. BPI Sports LLC*, 2023 WL 3568199 at *8 (D. Ariz. May 19, 2023)

(referring to *Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997)).

Duarte supported her request for reasonable attorneys' fees with a declaration from Jon T. Neumann ("Neumann"), lead counsel in this action.  Neumann alleges that Kaiser agreed to pay the fees and costs necessary to defend Duarte as seen in Exhibit 2.  (Doc. 57-2 at ¶ 10).  Neumann is a litigation shareholder at Greenberg Traurig, LLP ("GT") with 30 years of experience in insurance and health care litigation.  (*Id.* at ¶¶ 1, 6).  Zach H. Levy ("Levy") is another attorney at GT who worked on this matter.  (*Id.* at ¶ 7).  Levy practices litigation and has been licensed since 2024.  (*Id.*)  Both Neumann and Levy charged $500 per hour as agreed upon by Kaiser.  (*Id.* at ¶¶ 6, 7, 11).  Neumann's typical rate is $800 per hour, and Levy's is $410 per hour; however, they agreed on a blended rate of $500 per hour, which significantly discounted Neumann's rate.  (*Id.* at ¶ 11).  Kaiser also agreed upon a rate of $210 per hour for the work of paralegal RC Eckert ("Eckert") who has been a paralegal with GT since 2020.  (*Id.* at ¶ 8, 11).  Neumann states that these rates are reasonable given, among other factors, the ability and experience of the individuals involved, the intricacy and difficulty of the work, the time and skill required, and the results obtained.  (*Id.* at 9).  Additionally, he states that these rates are consistent with rates attorneys at comparable law firms charge.  (*Id.*)  Martinez did not contest the reasonableness of the hourly fee.  (Doc. 58).

Based on other recent cases in Phoenix, Arizona, the blended rate of $500 per hour for each attorney and $210 per hour for the paralegal were reasonable. Partner rates in 2023 were over $700 with associate rates being over $500.  *See Platek v. Comm'r of Soc. Sec. Admin.*, 2023 WL 8436562 at *1 (D. Ariz. Dec. 5, 2023) (finding $700 per hour reasonable before the District Court for the type of work and Counsel's experience); *ThermoLife*, 2023 WL 3568199 at *9 (showing rates in 2022 being as high as $803.25 per hour for partners, $667.25 for associates, and $327.25 for paralegals).  For example, the fee of $725 for an attorney practicing for 13 years with experience in the subject of the matter was reasonable considering the experience, reputation, and ability of counsel.  *Gross v. CitiMortgage Inc.*, 2023 WL 5133712 at *2–3 (D. Ariz. Aug. 10, 2023).  Considering Duarte's counsel's

experience and reputation as well as the prevailing market rate for comparable attorneys, the Court finds the billing rate to be reasonable.

### 2. Reasonable hours expended

Upon consideration of the complexity and type of work completed by Duarte's attorneys, the number of hours expended was reasonable.  Courts can determine the reasonable number of hours expended through task-based analysis or an across-the-board formula. *JBS Tolleson Inc. v. Ammonia Refrigeration Inc.*, 2022 WL 18495257 at *2 (D. Ariz. Dec. 1, 2022).  The prevailing party is entitled to fees for every item which a reasonable and prudent lawyer would undertake to advance their client's position.  *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982). Additionally, excessive and duplicative work includes time spent with undisclosed witnesses, time spent revising a complaint already files, and attending meetings that the non-prevailing party did not attend.  *Vargas v. Howell*, 949 F.3d 1188, 1199 (9th Cir. 2020).  Some duplication is inherent in the process of litigation over time, and this duplication is necessary.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  Only when "the lawyer does unnecessarily duplicative work" can the court reduce hours and thus, attorneys' fees. *Id.* at 1113.

Attached to the declaration is a detailed description of all the time recorded for work on behalf of Duarte in this matter.  (Doc. 57-2 at ¶ 3).  Neumann states that the services shown in Exhibit 1 were reasonably and necessarily incurred and included filing motions, opposing motions, and participating in a status conference.  (*Id.* at ¶ 5, 13). Martinez argues that Duarte's counsel staffed multiple attorneys on motions without necessity and that the Court should reduce fees because of overlapping work.[4]  (Doc. 58 at ¶ 29, 30). Additionally, Martinez argues that work completed on removal and remand briefing, personal jurisdiction analysis, and statutory interpretation do not reflect traditional contract

---

[4] Plaintiff cites to; *Moreno*; however, this case discusses duplicative efforts of one attorney on a project, not multiple. *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008). For example, an attorney researching a topic twice would be considered duplicative and would not be awarded as attorneys' fees unless it was necessarily completed. *Id.* at 1112. It states that an attorney may need to do the same research or task more than once in the process of litigation.

litigation, and so they should not be compensable.  (*Id.* at ¶ 31–32).

Based on Exhibit 1, each entry appears necessary to defend Duarte, with the longest hours logged for preparation of briefs and motions.  (Doc. 57-2 at 6–13); *See Dickson v. Travelers Casualty Ins. Co. of America*, 2025 WL 460819 at *5 (D. Ariz. Feb. 11, 2025) (finding that 83.5 hours billed to defend against Plaintiff's breach of contract claims and preparing the motion for attorneys' fees was reasonable).  The matter regarding payment under the NSA presented more than a simple breach of contract case, and Duarte defended herself with multiple opposed motions to dismiss.  If the matter was not as complex and the motions went unopposed, the Court may have adjusted the number of reasonable hours expended; however, that did not happen here.  *See Dufour v. Nationstar Mortg. LLC*, 2012 WL 5868964 at *1 (D. Ariz. Nov. 19, 2012) (holding that fifty-four hours spent by three attorneys on a "frivolous complaint based on 'legal notions that have been debunked and rejected countless times in this jurisdiction'" was not reasonable).

Moreover, hours spent on pre-trial motions such as motions to dismiss are included in hours reasonably spent on litigation.  *See, e.g.*, *Finite Management LLC v. OtoPilot LLC*, 2024 WL 5245998 at *2 (D. Ariz. Dec. 30, 2024) (finding all hours expended on a breach of contract default judgment that did not proceed past the pleading stage were reasonable). Duarte's counsel spent time on personal jurisdiction and federal statutory interpretation for the Motion to Dismiss. Since the prevailing party is entitled to any services that a reasonable and prudent attorney would undertake to protect their client's interests, the work Martinez opposes is compensable. *E.g.*, *Twin City Sportservice*, 676 F.2d at 1313.  Though the case was resolved at the pleading stage, the hours expended were all incurred in defending Duarte from Martinez's claims.   Thus, the Court believes that 85.35 hours spent by lawyers and 5.00 hours spent by a paralegal on this case is reasonable.

### 3. Adjustment to the Lodestar number through the Kerr Factors

Additionally, defendants must include memorandum with the application for fees that discusses the myriads of factors mentioned in the legal standard section above that determine reasonableness.  LRCiv. 54.2.  Duarte complied with this Rule and argued that

none of the relevant *Kerr* factors warrant an adjustment of the Lodestar amount in her memo. Courts have the discretion to adjust the lodestar amount by balancing the factors laid out in *Kerr*. The twelve factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether it is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (1) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

### a. Time and labor

The Court discussed the time and labor required in relation to the reasonableness of the number of hours. *Supra* Part III.B.2. Based on the number of motions and the claims made, the number of hours spent defending Duarte was reasonable.

### b. Novelty and Difficulty

While a breach of contract claim is not novel in this jurisdiction, the application of the NSA makes the claim more difficult than a simple breach of contract claim. Even if this case presented few novel or challenging questions, this factor remains neutral and does not result in a modification of the Lodestar amount. *Ubinger v. Urb. Housekeeping LLC*, 2024 WL 3045303, at *3 (D. Ariz. June 18, 2024). This factor does not adjust the Lodestar number.

### c. Skill Required

The skill required to properly perform the legal services may have been higher than in a typical breach of contract claim. Duarte argued that Martinez's "doubling down" on his legally impermissible claims required extensive research on the intricacies of the NSA to further Duarte's interests. (Doc. 59 at 3). This factor, even when discussed, does not typically lead to an adjustment of the Lodestar number. *Joe Hand Promotions Inc. v. Alvarez*, 2025 WL 1836321 at *3 (D. Ariz. July 3, 2025). Thus, the Court will not decrease the reasonable hourly rate, nor the number of hours required. *Id.*

#### d. Preclusion of other employment

The preclusion of other employment by Duarte's counsel was not discussed. Thus, this factor is not considered and does not merit adjustment to the Lodestar number.

#### e. Customary fee

The Court has decided that the blended $500 fee is reasonable, so there is no adjustment of the loadstar number based on this factor. *Supra* Part III.B.1.

#### f. Fixed or contingent

Counsel was hired by Duarte on the basis of a fixed hourly rate. A contingency fee, not a fixed fee, may lead to larger awards of attorneys' fees. *Lemus v. Blackrock CM Inc.*, 2025 WL 460548, at *3 (D. Ariz. Feb. 11, 2025). Thus, this factor is neutral.

#### g. Time limitation

A time limitation imposed by either the client or the circumstances was not discussed, so this factor is not considered in adjusting the lodestar number.

#### h. Amount involved and results obtained

The amount in controversy in this case was $706,248 in damages for the cost of the public adjuster, the cost of Air's services, and unpaid interest. (Doc. 38 at 6). Duarte, having prevailed on a Motion to Dismiss, obtained excellent results. Excellent results should lead the prevailing party to recover a fully compensatory fee. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Therefore, this factor leans heavily toward awarding Duarte full attorneys' fees.

#### i. Experience, Reputation, and Ability

As discussed regarding the reasonable hourly rate, counsel's ability, reputation, and experience is great. One of the attorneys has practiced law for 30 years with a focus on health care and insurance litigation. (Doc. 57-2 at ¶ 6). The other attorney, who has only been licensed to practice since 2024, has focused his practice on litigation. (*Id.* at ¶ 7). Since the Court determined that this factor led to the hourly rate being proper and reasonable, this factor will not change the lodestar number.

#### j. Undesirability

The 'undesirability' of a breach of contract case was not discussed, so this factor is not considered in adjusting the lodestar number.

#### k. Nature and length of the relationship

The nature and length of the professional relationship with Duarte is unknown, making this factor irrelevant in the analysis of reasonable fees. *Id.*

#### l. Awards in similar cases

Other breach of contract cases resolved by a motion to dismiss have awarded around the same or less fees depending on the amount of work needed to resolve the case. For example, in *O'Connor v. Phoenix School of Law, LLC*, the court awarded $41,739.75 to the defendant for attorneys' fees after a dismissal of the plaintiff's complaint for failure to state a claim for breach of contract. *O'Connor v. Phx. Sch. of L., LLC*, 2014 WL 12672226 at *5 (D. Ariz. May 20, 2014). On the other hand, another case awarded $20,766.95 after a successful motion to dismiss for lack of jurisdiction; however, the attorneys only filed one motion to dismiss, which was granted, and it happened in 2009 when hourly rates were not as high. *Prize Energy Res., L.P. v. Santa Fe Pac. R.R Co.*, 2009 WL 1804986 at *5 (D. Ariz. June 24, 2009). Because of the reasonableness of the hours spent on and hourly rate for defending Duarte from Martinez's motions, this factor supports awarding full attorneys' fees. Balancing the *Kerr* factors shows that the amount is reasonable since the hourly rate is less than that of the prevailing market, and the complexity of the case corroborates the number of hours spent. Thus, the Court finds Duarte is eligible and entitled to attorneys' fees, and that the amount Duarte prayed for is reasonable.[5]

### C. Costs

Duarte also requests $559.25 in costs. (Doc. 57 at 1). She argues that, in addition to the attorneys' fees, she is entitled to recover her costs incurred because Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties and all costs were

---

[5] Duarte asks that the fees incurred preparing the present motion be included in this number (i.e. "fees-on-fees"). Yet, Duarte has not specified what the fees are or how much, so the Court will not consider it.

necessarily incurred. (Doc. 57 at 3). Martinez agreed to pay the actual taxable costs; but argues that the cost of obtaining a transcript is non-taxable because it was out of convenience rather than necessity. (Doc. 58 at 36–37). Duarte responded, alleging that she ordered the transcript after receiving Martinez's opposition, to rebut his contentions. (Doc. 59 at 4). Duarte did use information from the transcript of the status conference to rebut Martinez's contention from his Opposition that the Court had already ruled on the Motion to Dismiss. (Doc. 45 at 2). Since it was necessary to use this information to rebut contentions in the case, the transcript order fee is taxable and therefore compensable. The Court finds the costs for filings, copies of pleadings, and transcripts to be reasonable and necessary for use in the case. *See Million v. Pindernation Holdings LLC*, 2023 WL 3585237 at *1 (D. Ariz. May 22, 2023) (finding $402 in filing fees and $198.65 in service of process fees reasonable). Thus, the court determines that $559.25 in costs is reasonable.

Accordingly,

**IT IS ORDERED** that Defendant Beatrice Lynn Duarte's Motion for Attorneys' Fees and Costs (Doc. 57) in the amount of **$43,725.00** in attorneys' fees and **$559.25** in costs is **granted**.

Dated this 29th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 14 -